# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6515 | **DATE** | 6/21/2001 |
| **CASE TITLE** | Jeffrey Dunn vs. Pace et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  (35-1)(34-1) Enter MEMORANDUM, OPINION AND ORDER: We dismiss the amended complaint against defendant BDA and Friedman. We dismiss Counts II and III against Pace, but allow the retaliation claim stated in Count I against Pace to stand. Plaintiff shall have until 7/19/2001 to file an amended complaint consistent with this opinion. The court cautions plaintiff not to repeat allegations on which the court already has ruled. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 3 number of notices | |
| | Notices mailed by judge's staff. | JUN 2 2 2001 date docketed | 47 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 21 PM 4:57 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY DUNN, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 6515 |
| PACE SUBURBAN BUS SERVICE, BENSINGER AND DUPONT AND ASSOCIATES, AND ALAN F. FRIEDMAN, Ph.D., | ) Honorable Wayne R. Andersen |
| Defendants. | ) |

DOCKETED
JUN 22 2001

## MEMORANDUM, OPINION AND ORDER

Plaintiff, Jeffrey Dunn, has sued his employer, Pace Suburban Bus Service ("Pace"), Bensinger and Dupont Associates ("BDA") and Alan K. Friedman ("Friedman") in a three count Amended Complaint alleging race discrimination, breach of contract, a violation of the Racketeering and Corrupt Organizations Act ("RICO") and a violation of 42 U.S.C. § 1985(3). All three defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12 (b)(6). For the reasons stated below, we grant motions filed on behalf of BDA and Friedman and partially grant Pace's motion to dismiss.

## BACKGROUND

Before we turn to the merits of defendants' motions, we first must address plaintiff's attempt to file a Second Amended Complaint without leave of court, apparently to correct certain of the deficiencies which defendants identified in their motions to dismiss plaintiff's Amended Complaint. As defendants note in their joint motion to strike this Second Amended Complaint,

defendants earlier had filed motions to dismiss plaintiff's original Complaint, but plaintiff was permitted to file the Amended Complaint in lieu of responding to the merits of those motions. That Amended Complaint is the subject of the pending motions to dismiss, now fully briefed. In the proposed Second Amended Complaint, plaintiff has reiterated many of the same allegations subject to the instant motions and has added several state law claims. Because defendants already have filed and fully briefed their motions to dismiss the Amended Complaint and because the federal allegations of the proposed Second Amended Complaint substantially overlap those in the Amended Complaint, we agree that we should decide defendants' motions to dismiss before we allow plaintiff leave to file a Second Amended Complaint.

When deciding a motion to dismiss, we consider all of the allegations of the complaint to be true and view all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Dismissal is proper only if it is clear from the Complaint that no set of facts consistent with its allegations would entitle plaintiff to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

Federal Rule of Civil Procedure 8 (a) requires that a complaint includes a short and plain statement of the claim showing that the pleader in entitled to relief. When analyzing a Complaint filed by a plaintiff acting pro se, we take special care to construe liberally the stated allegations. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "[e]ven under the notice pleading of the Federal Rules of Civil Procedure and the liberal interpretation given to pro se pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to narrated facts will not suffice." Strauss v. City of Chicago, 760

2

F.2d 765, 768 (7th Cir. 1985). Bearing these standards in mind, we turn to plaintiff's Amended Complaint.

Plaintiff has named three parties as defendants, but has not identified how these parties relate to each other or to his claims. Pace employed plaintiff. BDA's role in plaintiff's life is unclear, but plaintiff accuses it of using his insurance card improperly and referring him to Friedman, a clinical psychologist who treated plaintiff at some time. The allegations against Pace, as best the court can discern from plaintiff's Amended Complaint, are that it failed to promote or interview him for promotion based on his race, retaliated against him for reporting discrimination in the work place at some time, and harassed him in unspecified ways. The court also gathers that Pace placed plaintiff on medical leave against his will at some time based on allegedly false findings about his mental stability made by Friedman. BDA is also accused of threatening plaintiff. These actions collectively are alleged to have (1) violated Title VII; (2) breached an unspecified contract and (3) violated the RICO statute.

The Title VII allegations against Friedman and BDA are easily dismissed. Neither defendant is alleged to be plaintiff's employer, a prerequisite for liability under Title VII. Mizwicki v. Helwig, 196 F.3d 828, 831 (7th Cir. 1999). And, if that were not enough of an impediment to suit, neither party is identified in plaintiff's charge filed with the EEOC as the statute requires. Schnellbaecher v. Baskin Clothing Co., 887 F.3d 124, 126 (7th Cir. 1989). Therefore, we dismiss Count One against these defendants.

Pace argues that plaintiff has failed to state a claim against it because plaintiff's EEOC charge does not include any of the complaints enumerated against it in plaintiff's Amended Complaint. Plaintiff filed a charge, No. 210971907, with the EEOC in 1997. In this charge, he

3

alleged that he had been discriminated against because he is black. Plaintiff charged that he was subjected to racial slurs on an ongoing basis since November 29, 1996. He also alleged that he had been retaliated against because he and his wife had prevailed in a previous lawsuit against Pace. Plaintiff voluntarily dismissed the lawsuit based on this charge in 1998 and has not attempted to refile this case in any way. On July 19, 2000, plaintiff filed charge No. 210A04016 alleging that after he filed his previous charge, he had been retaliated against and discriminated against, including the alteration of his medical records, on the basis of his race.

In his Amended Complaint, plaintiff charges that Pace has failed to promote him, that he was retaliated against for opposing race discrimination at Pace, and was subjected to racial slurs. Pace argues that plaintiff is procedurally barred from raising these claims because they are not contained in plaintiff's EEOC charge and certain of the allegations are barred by the statute of limitations. A Title VII plaintiff must satisfy certain procedural requirements before bringing a claim in federal court, including filing a charge before the EEOC which encompasses all of the claims the plaintiff might raise in court. Cheek v. Western and Southern Life Ins Co., 31 F.3d. 497, 499 (7th Cir. 1994). In addition, the EEOC charge must be filed within 300 days of the discriminatory actions. 42 U.S.C. § 2000e-5(e). Plaintiff has claimed in his Amended Complaint that he was retaliated against by Pace after he complained about discrimination. This claim clearly is stated in his charge and, therefore, we will allow plaintiff to proceed with the retaliation claim in his Amended Complaint against Pace. However, plaintiff also has claimed that he was subject to racial slurs, thereby creating a hostile environment, and that Pace has failed to promote him. These claims are not specifically identified in the EEOC charge.

The court recognizes that the failure to include all aspects of the discrimination in the

4

EEOC charge can frustrate the EEOC's conciliatory role. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992). In addition, the charged party usually is deprived of notice if the charge is not complete In this case, however, plaintiff already had informed defendant of these actions in his earlier charge and lawsuit (which he voluntarily abandoned) and, therefore, this consideration is less applicable. More importantly, we recognize that a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in the complaint. The test for determining whether an EEOC charge encompasses the claims in a complaint is whether the claims are "like or reasonably related to the allegations in the charge and growing out of such allegations" so that the EEOC investigation might have uncovered those claims. See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976).

In this case, we find that, to the extent plaintiff has alleged that the harassment and failure to promote him were part of the alleged retaliation against him, those claims are reasonably related to the claims contained in his EEOC charge. However, we agree with Pace that the allegedly discriminatory actions that predate the charge cannot be said to be reasonably related to his retaliation claim. We also find that plaintiff's broad claim of discrimination in the EEOC charge, which does not identify any acts except for the alteration of medical records as discriminatory, is not reasonably related to the discrimination claims in the Amended Complaint. Further, we agree with Pace that those acts which occurred 300 or more days before the second filed charge are barred by the statute of limitations. Therefore, we hold that plaintiff may proceed with his claim that Pace retaliated against him after he filed his first charge with the EEOC, including any alleged failure to promote him after this or subjecting him to racial slurs which occurred after the charge. All other Title VII claims are barred.

All three defendants claim that plaintiff's breach of contract claim (Count Two) does not state a claim upon which relief may be granted. We agree. Even the most liberal construction of his Amended Complaint does not yield a cognizable breach of contract claim. Plaintiff has failed to allege the existence of a contract between himself and each of the defendants, his own performance, defendants' breach and the resulting damages. Gallagher Corp. v. Russ, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605, 611 (1st Dist. 1999). We, therefore, dismiss Count Two against all defendants.

As for plaintiffs' alleged claim under RICO and 42 U.S.C. § 1985, we are as much in the dark as defendants concerning this claim. Plaintiff merely asserts these statutes against all defendants without further explanation. Even allowing for plaintiff's pro se status, he must provide defendants with some factual basis for his claim under these statutes. Therefore, we dismiss Count Three as well.

## CONCLUSION

In conclusion, we dismiss the Amended Complaint against defendant BDA and Friedman. We dismiss Counts II and III against Pace, but allow the retaliation claim stated in Count I against Pace to stand. Plaintiff shall have until July 19, 2001 to file an Amended Complaint consistent with this opinion. The court cautions plaintiff not to repeat allegations on which the court already has ruled.

It is so ordered.

/ Wayne R. Andersen
United States District Judge

Dated: June 21, 2001