Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6515 | **DATE** | 12/3/2001 |
| **CASE TITLE** | Jeffrey Dunn vs. Pace Suburban Bus Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The motions to dismiss filed by defendants BDA [51-1] and Friedman [53-1] are granted. We grant in part and deny in part Pace's motion to dismiss [50-1], [33-1]. Furthermore, plaintiff is barred from filing any additional amended complaints without leave of court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| | Notices mailed by judge's staff. | DEC 05 2001 date docketed | |
| | Notified counsel by telephone. | | 61 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | DEC 05 2001 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY DUNN,

          Plaintiff,

v.

PACE SUBURBAN BUS SERVICE,
BENSINGER and DUPONT and ASSOCIATES
and ALAN F. FRIEDMAN, Ph.D.,

          Defendents.

No. 00 C 6515

DEC 0 5 2001

Judge Wayne R. Andersen

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of defendants Pace Suburban Bus Service ("Pace"), Bensinger, DuPont & Associates ("BDA"), and Alan Friedman to dismiss plaintiff's Second Amended Complaint. For the following reasons, we grant the motions to dismiss filed by defendants BDA and Friedman. We grant in part and deny in part Pace's motion to dismiss.

### BACKGROUND

On October 2, 2000, pro se plaintiff filed his initial complaint, which alleged only a violation of Title VII. The defendants moved to dismiss the complaint and, rather than responding to the motion, plaintiff filed an amended complaint on February 22, 2001. The amended complaint added claims for breach of contract, violation of the Racketeering and Corrupt Organizations Act ("RICO"), and violation of 42 U.S.C. 1985. The defendants moved to dismiss the amended complaint. On June 21, 2001, this Court entered an Opinion granting the motions to dismiss on all counts except for a Title VII count against Pace. We then gave plaintiff leave to file a Second



Amended Complaint, but cautioned him not to repeat allegations on which the Court has already ruled.

On July 19, 2001, plaintiff filed his Second Amended Complaint. This Complaint is 55 pages and 140 paragraphs long. Plaintiff has named three parties as defendants, but has not identified how these parties relate to each other or to his claims. The Complaint alleges that plaintiff was employed by Pace. The allegations against Pace, as best the Court can discern from plaintiff's Complaint, are that it failed to promote or interview him for promotion based on his race, retaliated against him for reporting discrimination in the work place, and harassed him in unspecified ways. Plaintiff further alleges that Pace placed him on medical leave against his will based on allegedly false findings about his mental stability.

The allegations against BDA are that it provided medical services to plaintiff and that plaintiff disagreed with the conclusions reached about his mental health. Plaintiff accuses BDA of referring him to Friedman, a clinical psychologist who treated plaintiff. Plaintiff alleges that Friedman made false findings about his mental health.

The Second Amended Complaint contains eight counts: discrimination and retaliation in violation of Title VII (Count I); violation of RICO (Count II); violation of the Consumer Fraud and Deceptive Business Practices Act (Count III); breach of contract against Pace (Count IV); breach of contract against BDA and Friedman (Count V); violation of 42 U.S.C. 1981 (Count VI); violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (Count VII); and common law fraud (Count VIII).

## DISCUSSION

When deciding a motion to dismiss, we consider all of the allegations of the complaint to be true and view all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle plaintiff to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

### I. Title VII Claims

Count I alleges a Title VII claim against defendant Pace. Plaintiff alleges that Pace retaliated against him after he filed his first charge with the EEOC. For the reasons stated in our Opinion of June 21, 2001, we deny Pace's motion to dismiss this count.

### II. RICO Claims

18 U.S.C. 1962(c) makes it unlawful "for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." To state a claim under §1962(c), plaintiff must show: 1) conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity. Lachmund v. ADM Investor Servs., Inc., 191 F.3d 777, 783 (7th Cir. 1999).

Plaintiff alleges that Pace forced him to visit Dr. Friedman for mental health reasons, that BDA provided medical services to him pursuant to the referral, and that he disagreed with the conclusions reached by Dr. Friedman regarding his mental health.

The Second Amended Complaint fails to state a RICO claim against defendants because plaintiff has not: 1) identified a RICO enterprise; 2) alleged any conduct in violation of the statute;

3

3) alleged any predicate acts of racketeering; or 4) alleged a pattern of racketeering activity. See Goren v. New Vision Int'l, Inc., 156 F.3d 721, 727 (7th Cir. 1998); Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 662-63 (7th Cir. 1992). Therefore, Count II is dismissed against all defendants.

### III. Consumer Fraud Act Claims

The Illinois Consumer Fraud Act provides, in part, that "unfair methods of competition and unfair or deceptive acts or practices . . .with the intent that others rely upon the concealment, suppression omission of such material fact . . in the conduct of any trade or commerce are . . unlawful. 815 ILCS 505/2.

In construing the Consumer Fraud Act, courts have required that the conduct complained of have some impact on consumers. See Central Diversey M.R.I. Ctr., Inc. v. Medical Mgt. Sciences, Inc., 952 F. Supp. 575, 576 (N.D. Ill. 1996). In this case, plaintiff cannot state a claim under the Consumer Fraud Act because he has not alleged any impact on consumers or broad misrepresentations to the public. For this reason, we must dismiss Count III, plaintiff's Consumer Fraud Act claim.

### IV. Breach Of Contract Claims

The Complaint fails for a third time to state a breach of contract claim against defendants because plaintiff did not have a contractual relationship with any of the defendants. See Gallagher Corp. v. Russ, 309 Ill.App.3d 192, 199, 721 N.E.2d 605, 611 (1st Dist. 1999). Despite this Court's explicit instruction to plaintiff not to repeat allegations made in his earlier complaints, plaintiff again attempts to state a claim against defendants for breach of contract. Once again, this claim fails, and Counts IV and V of the Second Amended Complaint are dismissed.

4

V. Section 1981 Claims

Under 42 U.S.C. 1981, "All persons . . . shall have the same right in every State and Territory to make and enforce contracts." By its express language, §1981 provides relief only for deprivations of "contract" rights. Recognizing this fact, the Seventh Circuit has held that, "[i]n order to bring a section 1981 claim there must at least be a contract." Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1034 (7th Cir. 1998).

Plaintiff's § 1981 claim warrants dismissal because plaintiff has not alleged the existence of any contract or any intentional discrimination. See Gonzalez, 133 F.3d at 1034. Plaintiff alleges only that defendants are liable for a §1981 violation because they "negligently hir[ed] personnel to provide medical care to plaintiff and by permitting such personnel to intentionally falsify the medical condition of plaintiff." This allegation does not sufficiently state a claim under § 1981. Plaintiff has alleged no discrimination in the formation, or enforcing, of contractual rights. Therefore, Count VI is dismissed.

VI. Confidentiality Act Claims

Plaintiff's claim under the Confidentiality Act is dismissed because it is untimely and because plaintiff has waived his right to assert the protections of the statute. See Foster v. Plaut, 252 Ill. App. 3d 692, 702, 625 N.E.2d 198, 205 (1st Dist. 1993). Under the Confidentiality Act, a plaintiff must assert a cause of action "within two years of the date of discovery" of his right to recover for any allegedly improper release of his psychiatric records. Foster, 252 Ill.App.3d at 702, 625 N.E.2d at 205. Plaintiff alleges that he filed a previous lawsuit in July 1997, in part to address concerns that BDA improperly shared his medical records with Pace and various other individuals. Thus, plaintiff was required to assert a claim under the Confidentiality Act no later than July 1999, two years after

5

the date on which he knew about the alleged release of his psychiatric records. Plaintiff first asserted this claim in his Second Amended Complaint filed on or about July 19, 2001, four years after the alleged cause of action accrued. Thus, plaintiff's claim under the Confidentiality Act is untimely and is dismissed.

Moreover, plaintiff's Confidentiality Act clam also fails because plaintiff consented to any alleged disclosure. In 1998, plaintiff signed seven Authorization for Release of Information Forms, authorizing the disclosure of his mental health records to various individuals, including Pace. The Confidentiality Act specifically authorizes disclosures when the individual consents, so there has been no statutory violation. 740 ILCS 110/4(a)(2). For these reasons, plaintiff's Confidentiality Act claim, Count VII of the Second Amended Complaint, is dismissed.

VII. Fraud Claims

To state a claim for common law fraud, plaintiff must allege: 1) a false statement of material fact; 2) the party making the statement knew or believed it to be untrue; 3) the party to whom the statement was made had a right to rely on the statement; 4) the party to whom the statement was made did rely on the statement; 5) the statement was made for the purpose of inducing the other party to act; and 6) the reliance by the person to whom the statement was made led to that person's injury. Siegel v. Levy Organization Dev. Co., 153 Ill.2d 534, 607 N.E.2d 194, 197 (1992).

Plaintiff alleges that defendants "agreed to provide plaintiff with medical care as an employee benefit," and that he "relied on the representations of defendants that the care given to him would be professional and voluntary." He then alleges that defendants failed to provide professional medical care and that he was generally damaged as a result.

6

The Complaint does not meet the requirements of Fed.R.Civ.P. 9(b). Plaintiff has not pled fraud with the requisite specificity. The complaint does not set forth any specific misrepresentations that defendants allegedly made to plaintiff or anyone else. Plaintiff has not identified what was said, to whom it was said, nor has he indicated how such alleged statements are false. Moreover, plaintiff does not allege that he would have acted any differently had he not been told he would receive professional care. Thus, there is no showing that plaintiff relied on a false statement to his detriment. For these reasons, Count VIII fails to state a claim for relief and is dismissed.

## CONCLUSION

For the foregoing reasons, we grant the motions to dismiss of defendants Bensinger, Dupont & Associates, and Alan Friedman. We dismiss Counts II-VIII with prejudice because plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed and any further attempts to amend the complaint would be futile and harassing. See Spolnik v. Guardian Life Ins. Co. of America, 94 F. Supp.2d 998, 1004 (S.D.Ind.2000). All counts of the Second Amended Complaint are dismissed with prejudice against defendants Bensinger, DuPont & Associates, and Alan Friedman.

We grant in part and deny in part the motion to dismiss filed by defendant Pace Suburban Bus Service. Pace's motion to dismiss Counts II-VIII is granted with prejudice. Therefore, Counts II-VIII are dismissed with prejudice against Pace. However, Pace's motion to dismiss Count I is denied. Therefore, the allegations of Count I will stand against Pace.

Furthermore, plaintiff is barred from filing any additional amended complaints without leave of court.

                                                                        _____
                                                                         Wayne R. Andersen
                                                                         United States District Judge

Dated: December 3, 2001